UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| NICOLAS J. NICOLAS-FRANCISCO,<br>Petitioner,<br>v.<br>JAIME RIOS, et al.,<br>Respondents. | No. 5:26-cv-04104-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**INTRODUCTION**

On July 22, 2026, Nicolas J. Nicolas-Francisco ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus, challenging his detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner, along with eight other noncitizen detainees, filed a prior federal habeas challenge to his immigration detention. See Villa, et al. v. Noem, et al., Case No. 5:26-cv-00635-RGK-JDE (C.D. Cal.) ("Prior Action"), Dkt. 1. The Prior Action challenged mandatory detention under 8 U.S.C. § 1252(b)(2) and sought release or bond hearings. Consistent with the Court's order in the Prior Action granting a motion for preliminary injunction (id., Dkt. 13), Petitioner received an individualized bond hearing before an immigration judge ("IJ"), who

determined that he is a flight risk and therefore denied bond. Ans., Exh. 1. The instant Petition challenges the IJ's flight risk determination. Petitioner also challenges his re-detention without a pre-deprivation hearing and his detention "without any legitimate purpose." He seeks immediate release and return of his property; an order enjoining his removal or transfer during the pendency of his removal proceedings; a declaration that his arrest and detention are unlawful; an order enjoining Respondents from placing him on more onerous supervision requirements; an order enjoining Respondents from re-arresting him without a pre-deprivation hearing before a neutral decisionmaker where Respondents bear the burden of proving by clear and convincing evidence that he is a flight risk or danger to the community and where the decisionmaker considers alternatives to detention; and attorney's fees and costs. Pet. at 20-21.

On July 29, 2026, Respondents filed an Answer to the Petition. Dkt. 8 ("Ans."). Petitioner filed a Reply on August 3, 2026. Dkt. 9 ("Reply").

For the reasons discussed below, the Petition is denied.

## II.

## FACTUAL BACKGROUND

Petitioner is a citizen of Guatemala, who entered the United States on or about February 1, 2024. Pet. ¶¶ 21, 23. U.S. Border Patrol processed and released him on an Order of Release on Recognizance and served him with a Notice to Appear. Id. ¶ 24. On or about December 31, 2024, he applied for asylum and withholding of removal. Id. ¶ 26. He has complied with all conditions of his supervision and has no criminal history. Id. ¶ 4.

On August 22, 2025, the Immigration Court dismissed Petitioner's case at the request of the Department of Homeland Security ("DHS"), over Petitioner's opposition. Pet. ¶ 28. ICE then arrested him at the courthouse without a pre-deprivation hearing. Id. On September 23, 2025, Petitioner was served with a new Notice to Appear. On or about November 21, 2025, DHS

filed a Motion to Pretermit Petitioner's protection applications based on the Asylum Cooperative Agreement with Honduras. Id. ¶ 31. On November 25, 2025, the Immigration Judge ("IJ") held the motion in abeyance as Petitioner had not yet filed an I-589 application in his new proceedings. Id.

Petitioner filed his I-589 application for asylum, withholding of removal, and protection under Convention Against Torture on or about March 25, 2026. Pet. ¶ 31. Petitioner was ordered removed on March 26, 2026, which he has appealed. Ans. at 2, Exh. 2; Executive Office for Immigration Review ("EOIR"), Automated Case Information at https://acis.eoir.justice.gov/en/.

Meanwhile, Petitioner, with eight others, filed the Prior Action on February 11, 2026, alleging the denial of a bond hearing violated 8 U.S.C. § 1226(a), the Administrative Procedure Act ("APA"), procedural due process, and the Immigration and Nationality Act. Prior Action, Dkt. 1. Respondents acknowledged that petitioners appeared to be members of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista") and subject to the Bautista judgment. Id., Dkt. 11. On February 27, 2026, the Honorable R. Gary Klausner, United States District Judge, granted a motion for preliminary injunction, ordering Respondents to provide each petitioner with an individualized bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a). Id., Dkt. 13. Petitioner received a bond hearing on March 4, 2026. As Petitioner had been in custody for more than 180 days, the IJ conducted the hearing in accordance with Rodriguez, placing the burden on the government. The IJ denied bond because the government met its burden to establish Petitioner "is such a substantial flight risk that bond should be denied." Ans., Exh. 1. The Prior Action was voluntarily dismissed on March 10, 2026. Prior Action, Dkt. 14.

Petitioner filed the instant Petition on July 22, 2026. He raises four claims: (1) a procedural due process claim based on his re-detention without a

pre-deprivation hearing; (2) a procedural due process claim based on the bond decision; (3) a substantive due process claim based on his detention "without any legitimate purpose"; and (4) an APA claim based on the bond decision.

**III.**

**DISCUSSION**

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (as amended). In the present case, Petitioner has failed to carry his burden to prove that his current custody violates his federal rights.

**A. Challenge to Re-Detention**

As noted, Petitioner previously challenged his detention without a bond hearing and sought either release or a bond hearing. He obtained the alternative relief sought, namely, an individualized bond hearing consistent with the Court's order granting the motion for preliminary injunction. Petitioner now challenges his re-detention, arguing the prior relief was insufficient to cure his pre-detention deprivation and release is the only appropriate remedy. See Pet. ¶¶ 49, 51.

As the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody;

and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026). Petitioner had a bond hearing, at which he was found to be a flight risk. The present detention is therefore based on his ongoing removal proceedings and the IJ's custody determination, rather than solely on the circumstances of his initial re-detention. Id.

Additionally, even assuming a protected liberty interest existed when he was re-detained, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has not shown that the post-detention process here was inadequate to safeguard that liberty interest. He waited almost six months before challenging the constitutionality of his immigration detention without a bond hearing, and waited almost a year before challenging his re-detention without a pre-deprivation hearing. He received a bond hearing less than a month after he filed the Prior Action, at which he had the opportunity to challenge his detention and the government bore the burden to show flight risk or danger to the community by clear and convincing evidence. See Ans., Exh. 1. He was represented by counsel, presented evidence, and had the opportunity to appeal the outcome of the bond decision to the Board of Immigration Appeals ("BIA"). Id.

Given that Petitioner has been found to be a flight risk, continued detention serves the government's interest in ensuring Petitioner's appearance at future proceedings. The undersigned finds that the process Petitioner received post-deprivation was sufficient to protect his liberty interest. See

Aguilar v. Semaia, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing); F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a likelihood of success on her due process claim where she was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208 (explaining that courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him").

Accordingly, Petitioner has not shown that he is entitled to immediate release based on his re-detention.

**B. Substantive Due Process Claim**

Petitioner next contends that he is being deprived of his liberty "without any legitimate purpose" in violation of his substantive due process rights. Pet. ¶ 65. This ignores that he has been found to be a flight risk by an IJ, with the government bearing the burden of proof. Thus, his contention that "his detention is not reasonably related to any legitimate purpose" (id. ¶ 68) is belied by the record. Petitioner is not entitled to habeas relief on this claim.

**C. Challenges to Bond Decision**

Finally, Petitioner challenges the IJ's bond determination, arguing that the IJ failed to make an individualized assessment of flight risk, failed to hold Respondents to their burden to prove by clear and convincing evidence that he is a flight risk or a danger to the community, and failed to apply the Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006) factors. Pet. ¶¶ 53, 75.

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion

requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner reserved an appeal, but it is unclear whether he filed an appeal. Petitioner could have waited to file this petition after appealing to the BIA, particularly given that the IJ's decision was issued months ago. See Leonardo, 646 F.3d at 1160; Rojas-Garcia, 339 F.3d at 819. Each of the prudential exhaustion factors weigh in favor of requiring exhaustion. First, Petitioner argues he is raising "purely legal questions" that "require no agency expertise." Pet. ¶ 38. The Court disagrees. Petitioner alleges the IJ failed to consider the Guerra factors and the flight risk finding is not supported by the evidence. Id. ¶¶ 60, 75. Petitioner, represented by counsel, presents no evidence why the factual issues underpinning these assertions cannot be addressed and corrected in the context of an appeal. The factual record can and should be properly developed by the BIA, particularly given that Petitioner has not otherwise presented any evidence of the bond hearing record. See Executive Office for Immigration Review, Part II - OCIJ Immigration Court Practice Manual, Chap. 8.3(e)(7) ("Usually, the [IJ's] decision is rendered orally. If either party appeals, the [IJ] prepares a written decision based on notes from the hearing, however the record will not be transcribed.") available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

Further, Petitioner has not shown exhaustion should be waived in his case. Petitioner contends exhaustion would be futile because "the BIA lacks authority to address the constitutional deprivation here." Reply at 11. The BIA is "well-equipped" to consider challenges to the IJ's decision and may provide the relief Petitioner seeks. Kanar v. Semaia, 2026 WL 966569, at *4-5 (C.D.

Cal. Apr. 7, 2026) (citation omitted). Petitioner challenges how the IJ considered the evidence in his case, which is a case-specific claim about the adequacy of one decision in one proceeding, exactly the type of claim the BIA is designed to review. See Liu, 2026 WL 2178768, at *4.

The Court also finds Petitioner's arguments that exhaustion would be futile because the "BIA largely functions to simply rubberstamp the bond denials of immigration judges, no matter how erroneous" (Reply at 11-12) unpersuasive, as Petitioner has not demonstrated any specific policy or BIA ruling that would render appeal in his particular case futile.

Petitioner further argues that he "is suffering further irreparable harm from his detention due to the conditions in the detention center." Reply at 11. He "reports that he frequently becomes ill while detained and that, when he seeks medical care, he is told he will be fine or receives only limited medicine." Pet. ¶ 35. Petitioner does not provide any further details regarding this assertion. Without more, the Court finds Petitioner's cursory assertion is insufficient to warrant a waiver of the exhaustion requirement. The Court notes that a class action is currently pending regarding the conditions of confinement at Adelanto ICE Processing Center where Petitioner is detained, which he acknowledges. Id. A preliminary injunction was recently granted, ordering, among other things, the government to develop a remedial plan to implement comprehensive systems for medical care and disability accommodations. See L.T., et al. v. U.S. Immigr. & Customs Enf't, Case No. 5:26-cv-00322-SSS-SP (C.D. Cal.), Dkt. 104.

Petitioner also has not shown he will suffer irreparable injury by waiting for a BIA decision. Pet. ¶ 39. This is an issue shared by all noncitizens in custody seeking review of their bond decisions. "[I]f the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted 'irreparable injury' sufficient to excuse exhaustion, then

it would be excused in every bond denial." Liu, 2026 WL 2178768, at *4. Excusing exhaustion on this basis "would cause the exception to swallow the rule." Yu v. Noem, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026), adopted by 2026 WL 1188854 (E.D. Cal. Apr. 30, 2026). While the time needed to complete a BIA appeal may tip against enforcement of exhaustion in some cases with compelling facts, it is not enough on its own to warrant waiving the exhaustion requirement and is not warranted in this case.

Accordingly, Petitioner's challenges to the bond decision should be dismissed without prejudice for failure to exhaust administrative remedies.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition (a) with prejudice as to Count I and III; and (b) without prejudice as to Counts II and IV.

Dated: August 5, 2026

JOHN D. EARLY
United States Magistrate Judge