UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

NICOLAS J. NICOLAS-FRANCISCO,
Petitioner,
v.
JAIME RIOS, et al.,
Respondents.

No. 5:26-cv-04104-JDE

ORDER DENYING EX PARTE APPLICATION FOR RECONSIDERATION [DKT. 12]

# I.
# INTRODUCTION

Nicolas J. Nicholas-Francisco ("Petitioner"), a 22-year-old citizen of Guatemala, challenges his detention by immigration authorities. He was re-detained on August 22, 2025 and ordered removed on March 26, 2026. He has appealed his removal order, which remains pending. Petitioner, along with eight other noncitizen detainees, filed a prior federal habeas challenge to their immigration detention, and the District Judge ordered Respondents to provide each petitioner with an individualized bond hearing. See Villa, et al. v. Noem, et al., Case No. 5:26-cv-00635-RGK-JDE (C.D. Cal.) ("Prior Action"), Dkt. 1, 13. Petitioner was provided a Rodriguez bond hearing on March 4, 2026, bond was denied, and the Prior Action was voluntarily dismissed. Id., Dkt. 14.

On July 22, 2026, Petitioner, through counsel, filed the instant Petition for Writ of Habeas Corpus, raising four claims: (1) a procedural due process claim based on his re-detention without a pre-deprivation hearing; (2) a procedural due process claim based on the March 4, 2026 bond decision; (3) a substantive due process claim based on his detention "without any legitimate purpose"; and (4) an Administrative Procedure Act claim based on the March 4, 2026 bond decision. Dkt. 1 ("Petition" or "Pet."). On August 5, 2026, the Court denied the Petition with prejudice as to Counts I and III; and without prejudice as to Counts II and IV. Dkt. 10 ("Order"). Judgment was entered the same day. Dkt. 11 ("Judgment").

On August 19, 2026, Petitioner filed an Ex Parte Application for Reconsideration. Dkt. 12 ("Ex Parte Application"). Respondents filed an Opposition on August 20, 2026. Dkt. 13.

For the reasons explained below, the Ex Parte Application is denied.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud, misrepresentation, or misconduct by the adverse party; (4) a void judgment; (5) satisfaction of judgment; or (6) any other reason justifying relief. In addition, Local Civil Rule 7-18 of this Court provides, in part:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was

> entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

Reconsideration is an "extraordinary remedy." U.S. Care, Inc. v. Pioneer Life Ins. Co. of Ill., 244 F. Supp. 2d 1057, 1061 (C.D. Cal. 2002) (citation omitted). Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion for reconsideration may not be made on the ground that a party disagrees with the court's application of legal precedent. Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004). "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." Roe v. LexisNexis Risk Sols. Inc., 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013).

## III.

## DISCUSSION

Petitioner seeks reconsideration on the six grounds: (1) "[n]ew material evidence of Petitioner's worsening health and Respondents' ongoing failure to provide adequate medical care weighs in favor of finding that the risk of irreparable harm merits excusing prudential exhaustion, as new case law holds"; (2) "[n]ew material evidence of the futility of [Board of Immigration Appeals ("BIA")] review weighs in favor of excusing prudential exhaustion"; (3) "[t]he Order erred in requiring exhaustion for a bond hearing that was ordered by a federal district court and governed by the federal district court order in Rodriguez v. Robbins, as new case law confirms"; (4) "[n]ew material evidence of the evidence considered during the bond hearing merits

reconsideration, as new case law holds"; (5) "[t]he Order errs by assuming that post-deprivation process can cure the deprivation, as new case law establishes"; and (6) "[n]ew case law confirms that BIA review would be futile here where the BIA cannot evaluate or redress the initial constitutional violation, but can only address the post-deprivation bond hearing." Ex Parte Application at 1.

Petitioner's arguments do not warrant reconsideration of the Court's decision. First, Petitioner relies on the declaration of Zabdi J. Salazar in support of his contention that the futility and duration of BIA review merits waiver of the exhaustion requirement (Ex Parte Application 11), but this declaration does not qualify as "new" evidence as it is dated May 31, 2026, two months before the Petition was filed. See Dkt. 12-3. Submission of a two-month-old declaration does not provide a proper basis to reconsider the Order and Judgment.

Similarly, Petitioner claims to offer "new" evidence regarding the bond hearing itself, arguing that, since the issuance of the Order, Petitioner's counsel has been able to elicit further information from Petitioner regarding what transpired at the bond hearing, citing the poor audio quality of prior calls with Petitioner. Ex Parte Application at 16. That Petitioner's counsel only recently had more extensive conversations with Petitioner and obtained additional information does not qualify as "new" evidence or warrant reconsideration.[1] Petitioner also faults his prior counsel for failing to respond to "multiple" inquiries about the bond hearing (id. at 16), but current counsel attests that she did not follow up with prior counsel until August 18, 2026, two weeks after Judgment was entered. See Tehrani Decl. ¶ 5. This was Petitioner's second

[1] The Court notes that counsel attests they had to engage a Spanish-language interpreter for each call with Petitioner (Dkt. 12-1, Declaration of Emma Tehrani ["Tehrani Decl."] ¶ 7), but the newly submitted declaration from Petitioner does not reflect it was translated from Spanish. See Dkt. 12-2 ("Pet. Decl.").

habeas petition and the bond hearing occurred months ago. With reasonable diligence, counsel could have presented the information now being presented well before the Court's decision.

Petitioner's reliance on "new" case law is equally unavailing. Such new case law relies exclusively on district court opinions that reached different conclusions based on the facts in those particular cases. None of those cases are binding or cause the Court to reconsider its decision. Petitioner essentially cites these "new" cases as an opportunity to reargue the Petition. The claimed errors are simply disagreements with the Court's decision, which, as explained, are not proper grounds for reconsideration.

Finally, as to his health issues, Petitioner reported in the Petition that he "frequently becomes ill while detained and that, when he seeks medical care, he is told he will be fine or receives only limited medicine (Pet. ¶ 35), arguing that this establishes irreparable harm warranting a waiver of the exhaustion requirement (Dkt. 9 at 11). Though he now, belatedly, provides additional information, most of this information could have been presented with the Petition, and hardly qualifies as new evidence that "in the exercise of reasonable diligence" could not have been known to Petitioner at the time the Judgment was entered or demonstrate a "manifest showing of a failure to consider material facts presented to the Court before the Order was entered." See L.R. 7-18. Nor is the Court persuaded that the recent developments in the class action, L.T., et al. v. U.S. Immigr. & Customs Enf't, Case No. 5:26-cv-00322-SSS-SP (C.D. Cal.), warrant reconsideration. See Ex Parte Application at 10-11. Only Petitioner's recent post-judgment health issues arguably provide a proper basis for reconsideration, but even considering this new information, it does not alter the result. Petitioner contends that his health conditions have deteriorated in the four days preceding the filing of the Ex Parte Application and he is "experiencing flu-like symptoms, including headaches and high

temperatures," weakness, difficulty walking, and feeling faint. Pet. Decl. ¶ 7. Yet, at the same time, he concedes he was seen by a doctor a week earlier (id. ¶ 10), who said "everything was okay" (id. ¶ 13). While the Court is sympathetic to Petitioner's medical conditions, he does not seek injunctive relief to address inadequate medical care by the Petition; he seeks release by bypassing an administrative process. The new information does not warrant waiving the exhaustion requirement in the circumstances here. As noted, this is Petitioner's second habeas petition. He was previously granted a bond hearing – the one at issue here – but, he never challenged the adequacy of the bond hearing in the Prior Action, but instead, voluntarily dismissed the Prior Action. He then waited more than four months before filing the instant Petition challenging the bond decision, having apparently never filed an appeal to the BIA in the interim. See Dkt. 8 at 3. If, as Petitioner argues, a BIA appeal now takes six and a half months (Ex Parte Application at 13), had he filed a timely appeal, he would be receiving a decision shortly. Petitioner's significant delay and lack of diligence in challenging the bond decision undermines his claims of irreparable harm from chronic health conditions and medical neglect that have been allegedly ongoing since he was re-detained (see id. at 3, 6).

Petitioner has not shown a proper basis for reconsideration of the Judgment. As such, the Ex Parte Application is denied.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Petitioner's Ex Parte Application (Dkt. 12) is DENIED.

Dated: August 24, 2026 ____

JOHN D. EARLY
United States Magistrate Judge